UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jacquelynn Brugman,

    Plaintiff

 v.

State Farm Mutual Automobile
Insurance Company, et al.,

    Defendants

Case No. 2:24-cv-00888-CDS-BNW

**Order Granting Plaintiff's Motion to Remand and Denying Plaintiff's Request for Attorney's Fees**

[ECF No. 8]

   Defendant State Farm Mutual Automobile Insurance Company removed this case from Eighth Judicial District Court of Nevada. Pet. for removal, ECF No. 1. Plaintiff Jacquelynn Brugman is seeking to remand the case back to state court, arguing both that the parties are not diverse and that the amount in controversy does not exceed $75,000. Mot. to remand, ECF No. 8 at 3. In response, State Farm admits that plaintiff, and defendant Rogers Mastrangelo Carvhalho & Mitchell Ltd. ("RMCM")—a law firm—are both residents of Nevada but argues that it has been fraudulently joined. Response, ECF No. 11 at 3. State Farm also argues that the amount in controversy exceeds $75,000. *Id.* The motion is fully briefed. *See* Reply, ECF No. 12. Because State Farm has not demonstrated that the amount in controversy exceeds $75,000, the motion to remand is granted.

I.  Background

   Brugman filed suit in Eighth Judicial District Court of Clark County, Nevada seeking recovery from her insurer, State Farm, and RMCM, who she has designated as agents of State Farm. ECF No. 1 at 8–9. After being hit by an at-fault driver, Brugman suffered injuries to herself and her vehicle. *Id.* at 9. She alleges that she filed a claim with State Farm, which evaluated her damages at $0.00. *Id.* Brugman now brings breach of contract and statutory unfair claims practice claims against State Farm and tortious and contractual breach of the implied covenant

of good faith and fair dealing claims against all defendants. *Id.* at 10–15. She raises a declaratory relief claim against State Farm seeking a judicial determination of the rights and benefits under the insurance contract. *Id.* at 15–16. In her prayer for relief, Brugman requests "[g]eneral and emotional damages, statutory damages, medical expenses, and other special damages in the amount in excess of $15,000.00" as well as interest under NRS 99.040, punitive damages, reasonable attorney's fees and costs, and prejudgment and post-judgment interest. *Id.* at 16–17. State Farm removed the case to this court on May 13, 2024.

II.     **Legal standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). When a case is filed in state court between parties who are citizens of different states, and the amount in controversy is at least $75,000, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446. But there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant always has the burden of establishing that removal is proper. *Id.*

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). But "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

In determining the amount in controversy, courts first look to the complaint. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). The $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *See id.* at 288–89; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986).

However, like in this case, when removal jurisdiction is challenged by a plaintiff, evidence establishing the amount in controversy is required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)) (emphasis added). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Id.* at 1090 (citation omitted). It is ultimately the defendant's burden to prove that the amount in controversy exceeds $75,000 "when the plaintiff does not plead a specific amount in controversy." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

### III.    Discussion

Brugman asserts that this action should be remanded to state court because the defendant cannot meet its burden establishing that the amount in controversy in this action exceeds $75,000. ECF No. 8 at 3. In her complaint, Brugman seeks "General and emotional damages, statutory damages, medical expenses, and other special damages in the amount in excess of $15,000.00" as well as interest under NRS 99.040, punitive damages, reasonable attorney's fees and costs, and prejudgment and post-judgment interest. ECF No. 1 at 16–17. State Farm insists that the claimed amount exceeds $75,000 because Brugman's underinsured motor vehicle (UIM) policy claim alleges that she has incurred medical specials of $28,254.18, "with a recommendation from Dr. Ryan West for a course of future treatment with an estimated cost of $395,600." Statement concerning removal, ECF No. 7 at 3. State Farm states that Brugman has already been paid $100,000 from her policy, so her claimed damages are, at a minimum $125,000. *Id.* It also cites a number of bad faith verdicts in Nevada as proof of the amount in controversy.

*Id.* at 4; *see also* ECF No. 11 at 20. In her motion to remand, Brugman admits that her medical specials are "less than $29,000." ECF No. 8 at 13.

Regarding defendant's assertions about the future medical expenses, State Farm makes nothing but bald, conclusory assertions. Although Brugman does not contravene these allegations, State Farm had three opportunities—the petition for removal, the statement of removal, and its response to the motion to remand—in which it could have attached proof of the claimed $395,600 in future medical damages. Yet, despite these opportunities, there is no summary judgment-type evidence—documents or declarations—in the record from which the court can verify the amounts sought in future medical expenses. Additionally, the $100,000 paid by the at-fault driver's insurance is not at issue. *See Willer v. Allied Prop. & Cas. Ins. Co.*, 2010 WL 11537798, at *2 (D. Mont. Jan. 21, 2010) ("The amount an insurer has already paid for a claim does not impact the amount in controversy because such amount is not 'in controversy.'"); *see also Bakken v. State Farm Ins. Co.*, 87 F. App'x 674, 675 (9th Cir. 2004) (deducting amount already paid out by insurance from the amount in controversy calculation).

Putting plaintiff's claim that her medical specials are "less than $29,000" aside, what remains are State Farm's citations to a series of bad faith Nevada cases in which payouts far exceeded the $75,000 threshold due to the award of additional general damages or punitive damages. Punitive damages may be considered part of the amount in controversy if they are properly pled. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action." (citation omitted)). Courts recognize that to include punitive damages in the amount in controversy, "the party asserting jurisdiction must establish that punitive damages would be permitted under the applicable state law based on the conduct alleged." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2019 WL 1501577, at *4 (N.D. Cal. Apr. 5, 2019). The party seeking jurisdiction must then demonstrate the amount of punitive damages in controversy, which can be

established by "evidence of jury verdicts in cases involving analogous facts." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

Under Nevada law, punitive damages are only awarded "when the plaintiff proves by clear and convincing evidence that the defendant is 'guilty of oppression, fraud or malice, express or implied.'" *Bongiovi v. Sullivan*, 138 P.3d 433, 450 (2006). Brugman's complaint alleges that State Farm's "conduct in breaching the implied covenant of good faith and fair dealing was willful, wanton, and in reckless disregard of BRUGMAN's interests to such an extent as to constitute oppression, fraud, and/or malice toward BRUGMAN, entitling BRUGMAN to punitive damages." Compl., ECF No. 1 at 12; *see also* ECF No. 1 at 14 (same). It also alleges that State Farm's "conduct in violating the Unfair Clams Practices Act was willful, wanton, and in reckless disregard of BRUGMAN's interests to such an extent as to constitute oppression, fraud, and/or malice toward BRUGMAN, entitling BRUGMAN to punitive damages." *Id.* at 15. Thus, although a punitive damages award exceeding the jurisdictional threshold could theoretically be awarded in this case, it is still the defendant's responsibility to prove that such an award is more likely than not, based on the alleged facts. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

State Farm has not met its burden. First, it does not point to sufficient allegations in the complaint that could even establish a claim of fraud. *E.g.*, *Gaus*, 980 F.2d at 567 (explaining that a defendant's conclusory allegations are insufficient to overcome the presumption against removal or to meet the defendant's burden of supporting its removal petition with specific facts). Not once in its response does State Farm allege that Brugman has provided a factual basis for her fraud claims. Further, although they point to other insurance bad faith cases in Nevada, they do not point to any analogous facts to the case at bar. There is no analysis whatsoever explaining "why a similar award should be anticipated under the facts of this case." *Casas v. Geico Indem. Co.*, 2013 WL 6284152, at *2 (D. Nev. Dec. 4, 2013) (granting remand on similar grounds); *see also Padilla v. State Farm Mut. Auto. Ins. Co.*, 2024 WL 2395679, at *3 (D. Nev. May 22, 2024). Without

allegations of specific conduct, and without "summary-judgment-type evidence" of any alleged specific conduct, I cannot conclude that it is "more likely than not" that punitive damages in this case, combined with the other damages Brugman seeks, would satisfy the amount in controversy requirement for diversity jurisdiction. Therefore, State Farm has failed to meet its burden and thus, remand is in order.[1]

Because I find that this court lacks jurisdiction and Brugman's case must be remanded back to the state court, I must address Brugman's request for attorney fees in filing this motion. ECF No. 8 at 12–13. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Brugman argues that State Farm has "presented no objectively reasonable basis to support its decision to remove the case[.]" *Id.* at 13. I disagree. Although State Farm ultimately did not meet the burden to overcome the jurisdictional threshold for the amount in controversy, because it points to Brugman's supposed future medical damages of $395,600 and Brugman does *not* controvert or contest this assertion, I find that removal of this case was not objectively unreasonable. Therefore, I find that an award of Brugman's attorney's fees is not warranted.

## IV. Conclusion

IT IS THEREFORE ORDERED that Brugman's motion to remand **[ECF No. 8] is GRANTED**.

IT IS FURTHER ORDERED that Brugman's request for attorney's fees **[ECF No. 8] is DENIED**.

---

[1] Because I find that the defendant has not demonstrated that the amount in controversy exceeds $75,000, I do not address the question of fraudulent joinder raised by defendant.

The Clerk of Court is kindly instructed to remand this matter to the Eighth Judicial District Court, Case No. A-24-890227-C, Department 11, and to close this case.

Dated: January 16, 2025

_____
Cristina D. Silva
United States District Judge